Serve

Fulton County Superior Court
***EFILED***TV
Date: 5/29/2020 4:43 PM
Cathelene Robinson, Clerk



# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
## SUMMONS

William Fraser-Gray

**Plaintiff,**

vs.

International Medical Group, Inc.

**Defendant**

) Case No.: 2020CV336667

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylerhost.net/ofsweb and serve upon plaintiff's attorney, whose name and address is:

David Kringer, Esq.
Cash Kringer & Fredricks, LLC
5447 Roswell Road
Atlanta, GA 30342

Ben Price, Esq.
Jarret & Price
24 W. Henry Street
Savannah, GA 31401

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This _5/29/2020_ day of _____, 20 ____

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By_____
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

_____
Deputy Sherriff

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used

Fulton County Superior Court
\*\*\*EFILED\*\*\*TV
Date: 5/29/2020 4:43 PM
Cathelene Robinson, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| WILLIAM FRASER-GRAY, <br><br> Petitioner, <br><br> v. <br><br> INTERNATIONAL MEDICAL GROUP, INC., <br><br> Respondent. | CIVIL ACTION FILE NO.: <br> 2020CV336667 |

### PETITION FOR DECLARATORY JUDGMENT

COMES NOW, William Fraser-Gray, Petitioner in the above-styled action, and respectfully files this Petition for Declaratory Judgment and shows the Court the following facts.

1.

This is a proceeding seeking a declaratory judgment by virtue of the provisions of the Declaratory Judgment Act, §§ O.C.G.A. 9-4-1 et seq. and O.C.G.A. §§ 33-24-56.1. This action involves a dispute over the parties' rights and claims to settlement funds delivered to and in the possession of Petitioner's attorneys in an interest-only trust account (IOLTA) in Fulton County, Georgia.

2.

Petitioner William Fraser-Gray is a resident of Franklin County, Georgia, where he attends university as a student, and a citizen of the United Kingdom.

3.

Petitioner, through his attorneys, is in possession of certain settlement funds which are in dispute in this matter, which funds are located in Fulton County. Plaintiff submits himself to the jurisdiction of this Court.

4.

Respondent International Medical Group, Inc. ("IMG") is a for-profit Indiana corporation with its principal place of business in Indiana. IMG may be served through

its registered agent, Corporation Service Company, 135 North Pennsylvania Street, Suite 1610, Indianapolis, Marion County, Indiana 46204.

5.

Respondent has asserted rights in and claims against Petitioner's funds located in Fulton County, representing that it is the Plan Administrator, Claims Administrator and agent for Sirius International Insurance Corporation ("Sirius Insurance"), a Swedish-based insurer and re-insurer.

6.

On information and belief, IMG is owned, in whole or in part, by Sirius International Insurance Corporation, and has been authorized and vested with the right to assert and seek to collect funds held by Petitioner's attorneys in Fulton County, as its agent.

7.

Respondent IMG has and does conduct and transact business within the State of Georgia. Specifically, as relates to this action, IMG has (a) administered, adjusted and/or made payments on claims related to Petitioner's medical care and treatment in Georgia and to providers in Fulton County; and (b) has sent claims/demands to Petitioner's counsel in Fulton County for funds being held by Petitioner's attorneys in Fulton County, Georgia.

8.

On information and belief, Respondent IMG otherwise conducts and transacts business within the State of Georgia and in Fulton County.

9.

This Court has jurisdiction over the subject matter of this action, over the parties and over the property/funds in dispute.

10.

Venue is proper in this Court.

11.

Petitioner William Fraser-Gray is a college student-athlete from the UK. Mr. Fraser-Gray attended university in Georgia in the 2018-2019 school year and played varsity soccer.

12.

On March 31, 2019, Petitioner was a passenger in a vehicle involved in a collision wherein he suffered serious and permanent physical injuries, including the following: (a) traumatic subdural hematoma with loss of consciousness, requiring surgery (craniotomy); (b) altered consciousness and amnesia; (c) spinal injuries, requiring surgery (C4-5 anterior stabilization and posterior open reduction with internal fixation (ORIF); (d) laceration of spleen and liver requiring surgical repair (exploratory laparotomy); (e) small bowel mesenteric injury requiring surgical repair; (f) multiple rib fractures; and (g) bilateral pulmonary contusions. Mr. Fraser-Gray spent months in rehabilitation hospitals and facilities, including Piedmont Hospital and The Shepherd Center in Atlanta (Fulton County). Mr. Fraser-Gray had to re-learn how to walk and has been left with permanent, disfiguring surgical scars on his skull and abdomen, as well as cognitive injuries.

13.

Mr. Fraser-Gray incurred substantial medical expenses for the care and treatment of his injuries. Per IMG's own accounting, Mr. Fraser-Gray's medical expenses were approximately $644,000.

14.

Prior to attending college in Georgia, Mr. Fraser-Gray's mother, Amanda Fraser-Gray, purchased a policy of insurance issued/administered through Respondent IMG and insured by Sirius Insurance. The effective date of that policy was July 28, 2018 through May 28, 2019.

15.

Mr. Fraser-Gray, who was an adult at the time the policy was purchased, was neither a party to an insurance contract with Sirius Insurance or IMG nor did he execute any documents, subrogation agreement, insurance policy or other contract related to that policy.

16.

There is no contractual relationship between Petitioner and Respondent or Sirius Insurance.

17.

While Mr. Fraser-Gray was hospitalized for his injuries, Amanda Fraser-Gray submitted medical bills through her insurance agent. IMG has alleged that it exhausted the $300,000 limits available under the policy issued to Amanda Fraser-Gray by making payments to multiple medical care providers, including The Shepherd Center and others located in Fulton County.

18.

There was $250,000 of liability insurance available on the vehicle involved in the subject collision, as well as a $1,000,000 homeowner's policy for the owner of the vehicle. The homeowner's insurer took the position that it was disputing coverage under the homeowner's policy and issued a reservation of rights letter. However, Petitioner's attorneys were eventually able to secure a total settlement for all available insurance of $1,250,000.

19.

After fees, Mr. Fraser-Gray's net recovery from the settlement was $812,500.

20.

Mr. Fraser-Gray still has outstanding medical bills and expenses. In addition, Mr. Fraser-Gray will require medical treatment in the future for his injuries, including a possible surgery.

21.

Petitioner's counsel notified IMG of the settlement and the nature of Mr. Fraser-Gray's injuries.

22.

IMG has, in turn, asserted that it is entitled to subrogate from Petitioner the amounts paid under the policy purchased by Amanda Fraser-Gray in the amount of $300,000. This is approximately 37% of Petitioner's net recovery, after attorney's fees.

23.

Petitioner contests and denies that IMG or Sirius Insurance has any contractual right of subrogation against Mr. Fraser-Gray, as he is not and was never a party to any contract with either IMG or Sirius.

24.

Petitioner further denies that IMG or Sirius Insurance are entitled to any reimbursement or subrogation in this case under Georgia's made whole doctrine. Mr. Fraser-Gray has not been made whole and has not been fully or completely compensated for his economic and non-economic injuries caused by the underlying incident.

25.

Despite being provided with information, documentation and Petitioner's position about their rights for recovery, Respondent IMG insists it is legally entitled to subrogation in the amount of $300,000 from Mr. Fraser-Gray.

26.

Petitioner's counsel is currently holding $300,000 of the settlement funds in the law firm's IOLTA account pending resolution of this dispute. Petitioner's counsel specifically agreed to hold such funds in escrow unless and until (a) the parties could resolve this dispute or (b) a Court can resolve it. Despite Petitioner's best efforts to appraise Respondent of Georgia law and his position, Respondent has refused to concede its asserted right of recovery or reimbursement.

27.

Petitioner shows that there is an actual controversy between the Petitioner and Respondent which requires resolution by the Court.

28.

Petitioner asserts that the question of whether Respondent is entitled to any subrogation or reimbursement from Petitioner is in dispute, and, consequently, the parties are in a position of uncertainty and insecurity. This position of uncertainty and insecurity is heightened by the fact that approximately 37% of Petitioner's recovery is unavailable to him and remains in his attorney's escrow account until resolution of this dispute.

29.

Petitioner shows that the adjudication of the parties' rights, duties, and obligations in connection with the settlement funds being held in escrow is necessary to relieve the parties from the risk of taking unilateral action.

30.

A subrogation claim arising from a tort committed in Georgia is properly characterized as a tort claim for choice of law purposes, thereby mandating that the substantive law of the state of Georgia applies to the claim. Rural Electric v. Moody Associates, 468 F.3d 1322 (11th Cir. 2006).

31.

IMG's claim for reimbursement is not and cannot be based on any contractual duty or obligation assumed by Mr. Fraser-Gray, as he was not and has never been a party to any insurance contract or other contract with Respondent or Sirius Insurance.

32.

Mr. Fraser-Gray is not bound by any choice of law provisions contained in the contract or policy provisions, as he was not and has never been a party to any insurance contract or other contract with Respondent or Sirius Insurance.

33.

Any claim for subrogation or reimbursement claimed by the Respondent, either directly or as agent for Sirius, is subject to Georgia's complete compensation rule, (a.k.a "made whole rule,") as stated by statute in O.C.G.A. § 33-24-56.1 and Davis v. Kaiser Foundation Health Plan of Georgia Inc., 271 Ga. 508, 511 (1999).

34.

As the complete compensation rule is the public policy of the state of Georgia, any contract language or other claim/theory purporting to require subrogation or reimbursement without first showing the Petitioner was completely compensated is deemed unenforceable as violative of Georgia public policy, Davis, 271 Ga. at 511 (1999); O.C.G.A. § 33-24-56.1.

35.

While disputing any contractual rights asserted by Respondent and any contractual obligations by Petitioner, Petitioner notes that where the enforcement of a contract issued in another state would be contrary to Georgia's public policy, Georgia Courts mandate the application of Georgia law. Johnson v. Occidental Fire Cas. Of N.C., 954 F.2d 1581 (11th Cir. 1992).

36.

Georgia law states that it is the "lien holder's burden of proving that the claimant has been fully and completely compensated." City of Warner Robins v. Baker, 255 Ga. App. 601 (2002). Respondent cannot meet that burden in this case.

37.

Georgia Code Section 33-24-56.1 provides the framework for when a healthcare plan has a right to reimbursement to a plaintiff's third-party tort recovery proceeds. Only when the amount of the plaintiff's recovery exceeds "all economic and noneconomic losses" will a plan have a right to reimbursement. § 33-24-56.1(b)(1). Furthermore, this statute declares that any benefit provider contracts or policies that conflict with this provision will be deemed unenforceable. O.C.G.A. § 33-24-56.1(j).

38.

The Respondent has no right to reimbursement in this case pursuant to O.C.G.A. § 33-24-56.1. The Plaintiff received $1,250,000 as settlement for his injuries. Out of his share of the proceeds, he paid his attorneys thirty-five percent, which amounted to $437,500.00.

39.

Pursuant to O.C.G.A. § 33-24-56.1, the Court must also deduct from the Plaintiff's share of the recovery the amount of any liens claimed against his recovery proceeds, in this case $300,000.

40.

Once these statutorily mandated deductions are made, the issue before the Court is whether $512,500 is a sufficient amount to fully compensate Mr. Fraser-Gray for all his economic and non-economic injuries, *i.e.*, whether he has been made whole. The only possible conclusion based on the facts of this case is that Mr. Fraser-Gray has not been made whole.

41.

Petitioner's past medical expenses alone far exceed $512,500. As noted above, IMG contends that Mr. Fraser-Gray's bills were in excess of $600,000. As a matter of fact and law, therefore, Petitioner has not been made whole under Georgia law. In

addition, Petitioner has been advised that he may require another surgery for injuries related to this incident.

42.

In addition to his economic injuries, Petitioner's non-economic injuries are catastrophic. Mr. Fraser-Gray had a portion of his skull removed to alleviate brain swelling, has had multiple other surgeries and endured and will continue to endure pain, suffering and disability. Under any scenario, Mr. Fraser-Gray's non-economic injuries would be valued at many times the economic damages, and therefore his settlement has not fully and completed compensated him. Simply put, Mr. Fraser-Gray has not been made whole by the settlement.

43.

As the Petitioner has not been made whole by this recovery, he requests this Court to issue an order declaring that the Respondent, directly and for its principals, subsidiaries and agents, have no subrogation rights, reimbursement rights, or any other potential "lien" or claim for medical benefits paid on behalf of Petitioner and that they have no interested in Petitioner's settlement proceeds.

44.

In accordance with O.C.G.A. §§ 9-15-14 and 13-6-11, the Petitioner is entitled to attorney's fees and expenses of litigation, as Respondent has acted in bad faith, has been stubbornly litigious and has caused the Petitioner unnecessary trouble and expense.

45.

Petitioner requests that this Court issue an Order declaring that Petitioner has not been made whole, and the Respondent and its principals have no subrogation rights, reimbursement rights, or any other potential lien for medical benefits paid on behalf of the Petitioner, and award attorney's fees and expenses of litigation upon a proper showing by Petitioner's counsel.

46.

The parties are entitled to a declaratory judgment pursuant to O.C.G.A. § 9-4-2 in order to resolve the uncertainty surrounding the settlement funds being held by Petitioner's attorney.

47.

Petitioner requests that this Court determine and declare that the settlement does not fully compensate Petitioner for his economic and non-economic injuries and damages, and further declare that IMG has no right to reimbursement directly and as agent for Sirius. O.C.G.A. § 33-24-56.1(c). Any contract language conflicting with this analysis is violative of the public policy of this state. Davis v. Kaiser Foundation Health Plan of Georgia Inc., 271 Ga. 508, 511 (1999);

WHEREFORE, Petitioner prays that:

a) That summons issue requiring the Respondent to be served as provided by law and requiring the Respondent to answer the Complaint for Declaratory Judgment;

b) That the Court enter a judgment in said matter declaring that the Petitioner has not been made whole, and that Respondent does not have any right to any subrogation or reimbursement claim for medical benefits paid on behalf of Petitioner by Respondent or its principals.

c) That reasonable attorney's fees and costs of litigation be assessed against the Defendants pursuant to O.C.G.A. §§ 9-15-14 and 13-6-11;

d) That the costs of bringing this action be assessed against the Respondent; and

e) That Petitioner be entitled to any further relief that this Court may seem just and proper.

Respectfully submitted this 29th day of May, 2020.

BY:   Attorneys for Plaintiff

/s/ Ben Price
Ben Price
Georgia Bar No. 690681

**JARRET & PRICE**
Attorneys for Plaintiff
24 W. Henry St.,
Savannah, GA 31401
TEL:   912.401.8880
FAX:   912.335.5361
contact@jarrettfirm.com

/s/ David Krugler
David Krugler
Georgia Bar No. 429929

Cash, Krugler & Fredericks, LLC
5447 Roswell Rd, NE
Atlanta, GA 30342
(404) 659-1710 tel.
(404) 264-1149 fax
dkrugler@ckandf.com